JOHN MEDINA *vs.* BUILDERS' MUTUAL FIRE INSURANCE
COMPANY.

Suffolk. March 30. — April 7, 1876. COLT & LORD, JJ., absent.

A policy of insurance described the property insured as "contained in three story granite building." *Held,* that the phrase might designate a building with a granite front only, and three stories high in the front and rear, though only one story high in the middle; and that, if such was the fact, all the property of the kind described in the policy, contained in the building, was covered by the insurance.

A policy of insurance upon "stock of hair, wrought, raw and in process, as retail hair store," does not extend to fancy goods, made of other materials, although such as are usually kept and sold in a retail hair store.

CONTRACT on a policy of insurance by which the defendant insured the plaintiff against loss or damage by fire to the amount of $2000 on his "stock of hair, wrought, raw and in process, as retail hair store, contained in three story granite building No. 315 Washington Street," in Boston. The answer contained a general denial, and alleged that the description of the building in the policy did not correspond to the building containing the lost or damaged goods.

The case was, by an agreement of the parties, and under a rule of court, referred to an arbitrator, whose findings on matters of fact were to be final.

The arbitrator found that the plaintiff's store, containing the property insured, was situated at No. 315 Washington Street, Boston, in the first story of a block of stores, the front of which block was granite, one end and the rear of brick, the other end granite, up one story, and brick above that, and the roof of slate; that the plaintiff's store ran through this three story block (the rear of the store having been removed for this one story, the wall above being supported by iron columns) and then through a one story building having a skylight in its tinned roof, and then into a three story brick building; the sides of the entire store were flush, and even the whole way from front to rear, one side and the rear of brick, the other side, for most of the way and perhaps all, of lathing and plaster, and the front of granite; that the store, as above described, might ordinarily and legally be described in an insurance policy as a "store contained in three

story granite building ; " that the defendant's agent examined in person the premises, when the insurance was effected, and himself wrote the policy and the description therein ; that some of the goods destroyed by fire, to an amount not exceeding $200, were in the rear of the iron columns ; that there were also fancy goods, such as are usually kept and sold in such a store, and that the loss on them was $100 ; that the total loss by fire was $6723, and that the *pro rata* amount, for which the defendant was liable, was $1620.

The Superior Court ordered judgment for the plaintiff on the award ; and the defendant appealed.

*S. B. Allen & J. D. Long*, for the plaintiff.

*W. F. Slocum & W. S. Slocum*, for the defendant.

GRAY, C. J. The "three story granite building," mentioned in the policy, might designate a building with a granite front only, and three stories high in the front and rear, though only one story high in the middle.

The arbitrator having found that such was the fact, all the property of the kind described in the policy, at the retail hair store contained in the building, was covered by the insurance, without regard to any previous conversation between the defendant's agent and the plaintiff.

But the policy includes nothing but the " stock of hair, wrought, raw and in process," and does not extend to fancy goods made of other materials, although such as are usually kept and sold in a retail hair store. As it does not appear that these goods consisted exclusively of wrought hair, a proportion of the sum which the arbitrator finds to have been the amount of the loss upon fancy goods must be deducted from the amount of his award, and there must be

*Judgment for the plaintiff accordingly.*